STATE EX REL. RIEGERT and another, Appellants, v. KOEPKE and others (Board of Review of City of Milwaukee), Respondents.

*April 5—May 2, 1961.*

For the appellants there were briefs by *Snyder, Mantyh & Arndt* of Milwaukee, and oral argument by *William J. Mantyh*.

For the respondents there was a brief by *John J. Fleming*, city attorney, and *Ewald L. Moerke, Jr.,* assistant city attorney, and oral argument by *Mr. Moerke*.

CURRIE, J. The issue before us on this appeal is one of statutory interpretation.

In cities or villages, except cities of the first class, assessors are required to complete their assessments of real and personal property, and to deliver the assessment roll to the clerk of the municipality, by the first Monday in July. Secs. 70.10 and 70.50, Stats. However, in cities of the first class, of which Milwaukee is the only one, the assessment rolls are required to be delivered to the tax commissioner and not the city clerk not later than the third Monday in July. Sec. 70.07 (1). The village or city clerk, except in cities of the first class, is then required to give notice by publication fixing the time when the assessment roll, or rolls, shall be open for inspection by the taxable inhabitants. Sec. 70.45.

The composition of boards of review is provided for in sec. 70.46, Stats., and their duties are prescribed by sec. 70.47 (6). The particular problem with which we are concerned on this appeal has to do with the handling by the boards of review of protests by taxpayers objecting to the assessments made of their property. The controlling statutes are secs. 70.47 (7) (a) and 70.47 (13). The material portions of such two statutes read as follows:

Sec. 70.47 (7) (a). "Objections to the amount or valuation of property shall first be made in writing and filed with the clerk of the board of review prior to adjournment of

public hearings by the board. If the board is in session five days, including its first meeting and any adjourned meetings, all objections shall be filed within such time *unless failure to file within such time is waived by the board upon a showing of good cause for such failure. . . . The requirement that it be in writing may be waived by express action of the board."* (Italics supplied.)

Sec. 70.47 (13). "In cities of the first class all objections to the amount or valuation of real or personal property shall be first made in writing and filed with the tax commissioner on or before the third Monday in July. No person shall be allowed in any action or proceeding to question the amount or valuation of real or personal property in the assessment rolls of such city unless objections shall have been so filed; *and the board may not waive the requirement that such objection be in writing. . . . The provisions of the statutes relating to boards of review not inconsistent with this subsection shall be applicable to proceedings before the boards of review of such cities,* except that the board need not adjourn until the assessment roll is completed by the tax commissioner, as required in sec. 70.07 (6), but may immediately hold hearings on objections filed with the tax commissioner, and the changes, corrections, and determinations made by such board acting within its powers shall be *prima facie* correct." (Italics supplied.)

Upon reading the above two statutes it appears that a different time is prescribed for filing protests with the Milwaukee Board of Review than is the case of boards of review of other municipalities. However, all such protests are required to be in writing. Under sec. 70.47 (7) (a), Stats., boards of review may waive both the time-of-filing requirement, and the one that such protests be in writing. Sec. 70.47 (13), applicable to Milwaukee, expressly forbids the board of review of that city from waiving the requirement that protests must be in writing, but is silent on the subject of whether it has the right to waive the time-of-filing requirement. However, such latter statute does provide that the statutes applicable to boards of review generally not in-

consistent with sec. 70.47 (13) shall be applicable to the Milwaukee Board of Review with a single specified exception not here material.

Milwaukee contends on this appeal that the provision of sec. 70.47 (7) (a), Stats., which permits boards of review generally to grant extensions of time in which to file protests is inconsistent with the provisions of sec. 70.47 (13) because the first-mentioned statute specifies a different time for filing protests than does the latter statute. We find such argument far from convincing. On the contrary, we deem there to be a compelling reason why the legislature could not have intended such an inconsistency to exist.

Under sec. 70.07 (1), Stats., the last date for filing the assessment rolls in Milwaukee is the third Monday in July. This is also made the last date for filing protests with the board of review by taxpayers who are dissatisfied with their assessments. Therefore, if the Milwaukee assessors have delayed until the third Monday in July to file their assessment rolls with the tax commissioner, a taxpayer who depended upon publication of the notice that the tax rolls were now open for examination to alert him to examine the rolls to ascertain his assessment, would be without a remedy to challenge his assessment before the board of review unless such board did possess the power to grant an extension of time in which to file his protest. This is because sec. 70.47 (13) fixes the third Monday in July as the last date for filing a protest with the Milwaukee Board of Review.

One of the well-known and often-applied canons of statutory interpretation is that of *"expressio unius est exclusio alterius"* (the expression of one thing excludes another). We consider that this is a proper situation in which to invoke this rule. With respect to the questioned power of the Milwaukee Board of Review, sec. 70.47 (7) (a) stands as a general statute, and sec. 70.47 (13) as a specific one. The general statute confers both the power to waive time of filing

of protests and the requirement that they be in writing. The specific statute prohibits such board from waiving the requirement that the protests be in writing but does not prohibit it from waiving the time-of-filing requirement. By application of the rule of *"expressio unius est exclusio alterius"* we interpret sec. 70.47 (13) as not prohibiting the Milwaukee Board of Review from extending the time for filing protests. Because of this the express provision of sec. 70.47 (7) (a), which permits boards of review generally to waive the time of filing, is applicable to the Milwaukee Board of Review.

It necessarily follows that the defendants, who constitute the Milwaukee Board of Review, were in error in deciding that such board was without jurisdiction to extend the time within which the protests of the relators, and of the other taxpayers in whose behalf the certiorari action was brought, might be filed and considered.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment ordering the Board of Review to act upon the petition of the relators, and of the other taxpayers in whose behalf the instant certiorari action was brought, which requested such board to extend the time within which the protests of the relators and such other taxpayers might be filed.